## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ROBERT K. MUNET,**

    **Plaintiff,**

v.                                                                                      Case No.  8:06-CV-332-T-EAJ

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant.**
_____ /

## **FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United Sates Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for disability insurance benefits ("DIB") and Supplemental Security Income payments ("SSI") under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 12).

applicable legal standards. See 42 U.S.C. § 405(g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).[3]

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff alleges that he became disabled on May 29, 2003, due to a back disorder and depression. (T 13, 44, 53) Plaintiff filed an application for DIB and SSI on July 30, 2003. (T 44-46, 296-303) His application was denied initially on November 18, 2003, and on reconsideration on August 6, 2004. (T 32-35, 305-08, 37-39, 310-13) The ALJ held an administrative hearing on August 12, 2005. (T 316) The ALJ denied benefits to Plaintiff in a decision dated September 15, 2005. (T 13-19) The Appeals Council denied Plaintiff's request for review on January 13, 2006, allowing the ALJ's decision to stand. (T 5-7) Plaintiff filed a timely petition for judicial review of the Commissioner's denial after exhausting all administrative remedies (Dkt. 1). The

---

[3] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

Commissioner's decision is ripe for review under the Act.

To determine whether Plaintiff was disabled, the ALJ performed the five-step evaluation required under 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). First, the ALJ found that Plaintiff had not engaged in substantial gainful activity after the onset of his alleged disability. (T 14, 18) Second, the ALJ found that Plaintiff's back disorder was a "severe impairment" as defined by 20 C.F.R. §§ 404.1520(c), 416.920(c). (Id.)  However, the ALJ found that Plaintiff's depression was not a "severe impairment." (T 15)  Third, the ALJ found that Plaintiff's back disorder did not meet or medically equal any Listing contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T 17, 18) Specifically, the ALJ found that no treating or examining physician mentioned findings equivalent in severity to the criteria of Listing 1.04 (disorders of the spine). (T 17)  Fourth, the ALJ found that Plaintiff retained the residual functional capacity to perform a full range of medium exertional work. (T 17, 18)  Accordingly, the ALJ found that Plaintiff was capable of performing his past relevant work as a cook and a stock person at a video store. (T 18)  Fifth, the ALJ found, in the alternative, that Plaintiff could make an adjustment to other work. (T 18, 19) Based on these findings, the ALJ concluded that Plaintiff was not disabled as defined by the Act. (Id.)

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

**II.**

Plaintiff argues that (1) the Commissioner erred by failing to give adequate weight to the findings of Plaintiff's treating and examining physicians; and (2) new evidence not considered by the ALJ warrants remand (Dkt. 15 at 14-18).

**A.**    Plaintiff contends that the ALJ erred in not giving adequate weight to the diagnoses and opinions of Plaintiff's treating and examining physicians.  Specifically, Plaintiff contends that (1)

3

the ALJ's conclusion that Plaintiff's back condition did not meet or equal the severity of the impairments in Listing 1.04(A) was flawed because it failed to give proper weight to the opinions of Plaintiff's treating physician, Thomas DiGeronimo, M.D. ("Dr. DiGeronimo"); and (2) the ALJ's conclusion that Plaintiff's depression was not a severe impairment contradicted the findings of examining physicians Richard Brown, Ph.D. ("Dr. Brown"), Laurence Petty, M.D. ("Dr. Petty"), and Yvonne E. Chircop, D.O. ("Dr. Chircop").

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440-41 (11th Cir. 1997). Good cause exists where (1) the opinion of the treating physician was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) the opinion of the treating physician was conclusory or inconsistent with the doctor's own medical records. Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). If the ALJ discredits the treating physician's testimony, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis, 125 F.3d at 1440. This court will not reweigh the evidence. Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The ALJ's finding of good cause to discredit the treating physician's testimony will be upheld if it is supported by substantial evidence. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

**1.** Plaintiff contends that the ALJ improperly discounted Dr. DiGeronimo's findings in concluding that Plaintiff's back condition did not meet or medically equal the severity of the impairments in Listing 1.04(A). The Listing reads:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . .

20 C.F.R. Part 404, Subpart P, Appendix 1.

Where a plaintiff contends that his impairment meets or equals a listed impairment, the plaintiff must produce medical evidence and findings establishing that the impairment meets or describing how it equals the applicable listed impairment. Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986). Dr. DiGeronimo found that Plaintiff had reduced flexion in the lumbar spine due to pain (T 204, 244, 249) and had lower extremity paresthesias. (T 204) Dr. DiGeronimo also prescribed a cane for back pain. (T 259) In addition, Dr. DiGeronimo concluded that the results of an electromyogram/nerve conduction study of Plaintiff were consistent with possible nerve root irritation and a demyelinative neuropathy of the left tibial nerve.[4] (T 255) However, Plaintiff argues only that these findings "come[] very close to meeting" Listing 1.04(A) (Dkt. 15 at 16). Thus, this court must consider only whether the ALJ erred in finding that Plaintiff's back condition was not medically equivalent to the impairment in Listing 1.04(A). The ALJ's decision on this point will be upheld if it is supported by substantial evidence. See 42 U.S.C. § 405(g) (2003).

The ALJ's discounting of Dr. DiGeronimo's findings was supported by substantial evidence.

---

[4] Although Plaintiff cited reports of Health South physical therapists and nurse practitioner Sandra French-Rose (Dkt. 15 at 16), opinions of non-medical doctors are entitled to less weight than those of medical doctors. Falge v. Apfel, 150 F.3d 1320, 1324 (11th Cir. 1998); see also Freeman v. Barnhart, No. 06-15604, 2007 U.S. App. LEXIS 6878 at * 3 (11th Cir. Mar. 23, 2007) (holding that opinions of physical therapists are entitled to less weight than opinions of medical doctors); Lacroix v. Barnhart, 465 F.3d 881, 885 (11th Cir. 2006)(because nurse practitioners are not physicians as defined by the regulations, their opinions are entitled to less weight than a medical doctor). Thus, the ALJ was not required to treat the physical therapists' and nurse practitioner's findings as those of Dr. DiGeronimo.

A 2001 examination of Plaintiff's spine revealed "minimal dis[c] space narrowing" and "minimal degenerative change." (T 163) A December 2002 MRI showed a "small" disc protrusion at L5-S1. (T 113) In addition, Plaintiff had two consultative examinations by R. Krishna Moorthy, M.D. ("Dr. Moorthy"), in October 2003 and July 2004. Each time, Dr. Moorthy reported normal sensory, motor, and reflex findings; no paravertebral muscle spasm, and only "mild" restrictive movement of the lumbar spine. (T 126, 169) A November 2004 MRI showed "no evidence" of herniated nucleus pulposus, and only a "mildly bulging" disc at L5-S1. (T 202) Although a May 2005 emergency room examination found "mild tenderness" in Plaintiff's lumbar spine, the examiner could not determine whether Plaintiff's "very poor effort" at back strength testing was due to pain or purposeful. (T 156) Finally, even Dr. DiGeronimo's analysis of the July 2004 electromyogram/nerve conduction study found that nerve root irritation was only "possible." (T 255) This evidence supports a finding that Plaintiff had only a mild degenerative disease without compromise of a nerve root.

Moreover, certain of Plaintiff's own statements and actions contradicted a finding of severe impairment. Plaintiff alleged that he sometimes had difficulty getting out of bed and had difficulty performing daily living activities due to pain. (T 203) However, Plaintiff told a consultative examiner that he occasionally does landscaping around the house, as well as some shopping and occasional driving. (T 130) In addition, although in January 2005 Dr. DiGeronimo prescribed physical therapy, Plaintiff was discharged after failing to appear at eight consecutive therapy sessions. (T 241)

The ALJ considered the medical evidence in this case, including the findings of Dr. DiGeronimo, and specifically noted the foregoing evidence in support of his decision. (T 14-17)

Because this evidence is substantial, the ALJ's finding regarding Step Three will not be disturbed.

**2.**     Plaintiff contends that the ALJ's finding that Plaintiff's depression was not a severe impairment under 20 C.F.R. §§ 404.1520(c) and 416.920(c) contradicted the findings of Dr. Brown, Dr. Petty, and Dr. Chircop. Sections 404.1520(c) and 416.920(c) define a "severe impairment" as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."

A July 2004 psychological assessment by Dr. Brown showed a diagnosis of "Adjustment Disorder with Depression and Anxiety" as well as "Major Depression, Chronic, Moderate to Severe." (T 175) In February 2005, Dr. Chircop performed a psychiatric evaluation of Plaintiff and gave a "guarded" prognosis. (T 283) In August 2005, Dr. Petty stated on a treating/examining source form that Plaintiff had "memory loss," was frequently unable to maintain attention and concentration for an extended period, was frequently unable to complete a normal workday without interruptions from psychologically-related symptoms and to perform at a consistent pace, and was frequently unable to perform within a schedule and/or maintain regular attendance. (T 261)

However, the ALJ's rejection of certain limitations in these findings was supported by substantial evidence to the contrary. In October 2003, a clinical psychologist who examined Plaintiff concluded that Plaintiff had only "a very mild despondency" as a side effect of his back condition, and that it "[did] not rise to the level of a serious problem." (T 130) A consulting psychologist reviewed Plaintiff's file in November 2003 and opined that Plaintiff's "mild depressive disorder" did not satisfy the diagnostic criteria of Listing 12.04 ("Affective Disorders") and resulted in only "mild" functional limitations in daily living activities and in maintaining concentration, persistence, or pace. (T 143, 150) A second consulting psychologist reviewed Plaintiff's file in July

2004 and gave substantially the same opinion. (T 179, 186) In addition, although Dr. Brown's July 2004 psychological assessment reported an adjustment disorder and major depression, Dr. Brown noted that Plaintiff's performance on a screening test for malingering suggested that he was exaggerating his symptoms. (T 175) Also, Dr. Brown noted that Plaintiff's inability to answer simple math questions was "not consistent" with a person who drives and handles his young children appropriately. (Id.)  Moreover, Dr. Petty's statements on the treating/examining source form were conclusory and not bolstered by the evidence.  (T 261)  As noted by the ALJ, Dr. Petty was Plaintiff's primary care physician, not a psychologist nor a psychiatrist, and there was no psychiatric evaluation supporting the statements. (T 16)

The evidence regarding Plaintiff's mental condition is not altogether consistent.  However, the ALJ specifically cited the aforementioned evidence to support his conclusion that Plaintiff's depression was not a severe impairment.[5]   Because this evidence is substantial, this court must accept the ALJ's finding at Step Two regarding Plaintiff's depression.

Therefore, good cause exists for the ALJ to discount  certain statements of Plaintiff's treating and examining physicians.  The ALJ did not fail to give proper weight to the findings of those physicians.

**B.**        Plaintiff contends that remand is warranted by new evidence, consisting of a

---

[5] Where a claimant alleges impairment based on a nonexertional factor such as depression, the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert.  MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986) (citing Cowart v. Schweiker, 662 F.2d 731, 736 (11th Cir.1981)).  However, here the ALJ concluded at Step Two of the evaluation that Plaintiff's mental condition did not meet the § 404.1520(c) test of severity, without ever reaching the Step Four question of whether the mental condition precluded Plaintiff from performing specific jobs.  Hence, the ALJ was not required to call a vocational expert to evaluate Plaintiff's mental condition.

treating/examining source statement form completed by Dr. Petty which Plaintiff alleges was submitted to the ALJ after the administrative hearing but before the ALJ's decision and was not considered by the ALJ. To obtain a remand for consideration of new evidence under 42 U.S.C. § 405(g) sentence six, a claimant must establish that (1) the evidence is non-cumulative; (2) the evidence is material, i.e., is relevant and probative and creates a reasonable possibility of change in the administrative result; and (3) good cause exists for the claimant's failure to submit the evidence at the administrative level. Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986). Furthermore, in order to facilitate the speedy disposition of meritorious claims and avoid backlogs caused by needless remands, "new evidence" remands should be narrowly circumscribed. Brown v. Schweiker, 557 F.Supp. 190, 193-94 (M.D. Fla. 1983). The Commissioner argues only that the evidence is not material and does not dispute that the other requirements for remand have been met.

In the treating/examining source form submitted by Plaintiff between the hearing and the ALJ's decision, Dr. Petty stated that Plaintiff is unable to work due to chronic back pain; needs a cane to walk one-half mile; is unable to stand or walk for two hours per eight-hour workday; is unable to sit for six hours per eight-hour workday; sometimes needs to lie down at unpredictable intervals; and can lift 15 pounds occasionally.[6]  (Dkt. 15 at 22)

Plaintiff has failed to meet his burden of showing that this evidence creates a reasonable possibility of change in the ALJ's decision. Plaintiff acknowledges that Dr. Petty's statements on the form are "very similar" to those on a form completed by Dr. DiGeronimo, (Dkt. 15 at 18; see T 260) but the ALJ considered and accorded little weight to those statements by Dr. DiGeronimo in

---

[6] The treating/examining form completed by Dr. Perry is not part of the record. However, it is attached to Plaintiff's memorandum of law.

the ALJ's decision. (T 16)  In addition, Dr. Petty's conclusions regarding Plaintiff's physical limitations are unsupported by any specific findings or diagnostic tests.  (Dkt. 15 at 18-19)  Also, the Commissioner points out that the ALJ rejected a similar conclusory evaluation  by Dr. Petty finding Plaintiff disabled due to memory loss.  (Dkt. 16 at 9; T 16)  For these reasons, this court finds that the new evidence is not material, and that Plaintiff is not entitled to a remand for consideration of new evidence.

### III.

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner denying Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income payments is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) the decision of the Commissioner is **AFFIRMED** and this case is **DISMISSED**, with each party to bear its own costs and expenses; and

(2) the Clerk of Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**DONE AND ORDERED** in Tampa, Florida, this 28th day of August, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge